1  Danny Ray Scott, Jr., Esq. *(Pro Hac Vice)*
   GULF COAST INSURANCE LAWYERS, P.C.
2  3233 West Dallas Street, Suite 2101
   Houston, Texas 77019
3  Telephone No.: (713) 941-9309
   danny@gulfcoastinsurancelawyers.com
4  attorneyjaved@gulfcoastinsurancelawyers.com
   Attorneys for Plaintiff
5  *Charm Hospitality LLC*

6  Richard D. Williamson, Esq. (NV Bar No. 9932)
   Briana N. Collings, Esq. (NV Bar No. 14694)
7  ROBERTSON, JOHNSON, MILLER & WILLIAMSON
   50 West Liberty Street, Suite 600
8  Reno, Nevada 89501
   Telephone No.: (775) 329-5600
9  rich@nvlawyers.com
   Briana@nvlawyers.com
10 Local Counsel for Plaintiff
   *Charm Hospitality LLC*
11

12                     **UNITED STATES DISTRICT COURT**

13                              **DISTRICT OF NEVADA**

| | |
|---|---|
| CHARM HOSPITALITY LLC D/B/A WINGATE BY WYNDHAM ELKO<br><br>Plaintiffs,<br><br>vs.<br><br>GENERAL SECURITY INDEMNITY COMPNAY OF ARIZONA,<br><br>Defendants. | Case Number: 2:23-cv-00228-RFB-BNW<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER – SPECIAL SCHEDULING REVIEW REQUESTED** |

Come now, Plaintiff, Charm Hospitality LLC d/b/a Wingate by Wyndham Elko ("Plaintiff"), by and through its counsel of record, Gulf Coast Insurance Lawyers, P.C. and Robertson, Johnson, Miller & Williamson, and Defendant, General Security Indemnity Company of Arizona, by and through its counsel of record, Hutchison & Steffen, PLLC, and Walker Wilcox Matousek LLP, and hereby submit the following proposed Discovery Plan and Scheduling Order pursuant to Federal Rule of Civil Procedure 26(f).

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on June 21, 2023 and was attended by Danny Ray Scott for Plaintiff, and Todd L. Moody and Kassandra Altantulkhuur for Defendant.  The Parties agree to exchange their initial disclosures on or before July 21, 2023.

1. <u>Discovery Cut-Off Date</u>.  The parties request a discovery period of two hundred and forty (240) days from May 22, 2023, the date on which Defendant filed its Answer: <u>January 18, 2024</u>.  The parties are requesting a discovery period that is longer than the standard 180 days, because the parties are currently still engaged in the adjustment process of the claim. The parties have exchanged estimates/valuations of the loss prepared by their respective adjusters and are in the process of determining whether they can agree on the scope of damages, pricing, etc., which will likely narrow the issues that are in dispute. Permitting the parties additional time to engage in this process now would mean that when the parties eventually begin formal discovery, they can issue discovery that is more targeted and efficient.

2. <u>Amending the Pleadings and Adding Parties</u>.  The date for filing motions to amend the pleadings or add parties shall not be later than ninety (90) days prior to the close of discovery: <u>October 20, 2023</u>.

3. <u>Expert Witness Disclosures</u>.  The disclosures of any expert witnesses shall be made sixty (60) days before the discovery cut-off date: <u>November 19, 2023</u>.  The disclosures of any rebuttal experts shall be due thirty (30) days after the initial disclosures of experts: <u>December 19, 2023</u>.

4. <u>Dispositive Motions</u>.  Dispositive Motions shall be filed no later than thirty (30) days after the discovery cut-off date: <u>February 17, 2024</u>.

5. <u>Pretrial Order</u>.  The Joint Pretrial Order shall be filed not later than thirty (30) days after the date set for filing dispositive motions: <u>March 18, 2024</u>. If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

6. <u>Rule 26(a)(3) Disclosures</u>.  The disclosures required by Federal Rule of Civil Procedure 26(a)(3) and any objection to them will be included in the Joint Pretrial Order.

7. <u>Electronically Stored Information</u>.  The parties agree to work cooperatively regarding the exchange of ESI.  The Parties have not yet assessed the volume of ESI likely to be needed or produced in this action and therefore have not yet determined the best and most efficient method of exchanging that information.  Nonetheless, documents will be produced in searchable portable document format (PDF) whenever possible.  Otherwise, the Parties shall confer in good faith to determine the agreed protocols for production and will seek Court assistance in the unlikely event an agreement between the Parties is not reached.  The Parties hereby agree to the electronic service of discovery materials via email to such email addresses as the Parties shall provide to each other and update from time to time as necessary.

8. <u>Subjects on Which Discovery Will Be Conducted</u>.  The parties agree that the areas of discovery shall include, but not be limited to, all claims for relief, including any counterclaims, and any denials and defenses thereto.  No changes should be made on the scope or limitations of discovery imposed by the Federal Rules of Civil Procedure or local rules.  Discovery does not need to be conducted in phases or limited or focused on particular issues.

9. <u>Alternative Dispute Resolution</u>.  The parties certify that they have met and conferred about the possibility of using alternative dispute resolution processes, including mediation, arbitration and, if applicable, early neutral evaluation.  The parties agreed to reserve their rights to resume these discussions after conducting preliminary discovery.

10. <u>Alternative Forms of Case Disposition</u>.  The parties certify that they have considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and the use of the Short Trial Program (General Order 2013-01).  The parties do not consent to trial by a magistrate judge or use of the Short Trial Program at this time.

11. <u>Electronic Evidence</u>.  The parties certify that they have discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations.  Discussions between the parties will be ongoing as the trial date approaches, and any electronic evidence will be presented in a format compatible with the court's electronic jury display system.

DATED this 21st day of June, 2023.

| | |
|---|---|
| GULF COAST INSURANCE LAWYERS, P.C.<br>3233 West Dallas Street, Suite 2101<br>Houston, Texas 77019<br><br>By:  /s/ Danny Ray Scott<br>Danny Ray Scott, Jr., Esq. *(Pro Hac Vice)*<br>*Counsel for Plaintiff*<br><br>ROBERT, JOHNSON, MILLER & WILLIAMSON<br>50 West Liberty Street, Suite 600<br>Reno, Nevada  89501<br><br>By:  /s/ Briana N. Collings<br>Richard D. Williamson, Esq.<br>Briana N. Collings, Esq.<br>*Local Counsel for Plaintiff* | HUTCHISON & STEFFEN, PLLC<br>Peccole Professional Park<br>10080 West Alta Drive, Suite 200<br>Las Vegas, Nevada 89145<br><br>By:  /s/ Todd L. Moody<br>Todd L. Moody, Esq.<br>*Local Counsel for Defendant*<br><br>Walker Wilcox Matousek LLP<br>One North Franklin, Suite 3200<br>Chicago, IL 60606<br><br>By: /s/ Kassandra Altantulkhuur (pro hac vice forthcoming)<br>*Counsel for Defendant* |

## ORDER
### IT IS SO ORDERED

**DATED:** 7:48 pm, June 22, 2023

*[signature]*

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER – SPECIAL SCHEDULING REVIEW REQUESTED with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 21st day of June 2023.

I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

> /s/ *Briana N. Collings*
> Counsel for Plaintiff