# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Charm Hospitality, LLC, d/b/a Wingate by Wyndham Elko,<br><br>Plaintiff,<br><br>v.<br><br>General Security Indemnity Company of Arizona,<br><br>Defendant. | Case No. 2:23-cv-00228-RFB-BNW<br><br>**ORDER** |

Before the Court is a motion to amend by Charm Hospitality, LLC ("Charm"). ECF No. 23. General Security Indemnity Company of Arizona ("General Security") responded at ECF No. 24. Charm replied at ECF No. 28. For the reasons discussed below, the Court grants Charm's motion.

## I. BACKGROUND

This is an insurance dispute case in which Charm alleges that General Security breached an insurance policy between them. ECF No. 1 ¶ 6. In the spring of 2021, General Security issued a policy to Charm to insure a piece of property located in Elko, Nevada. *See* ECF No. 24 at 2. A year later, Charm claims that the property, a hotel, sustained "extensive water damage." ECF No. 1 ¶ 9. Consequently, Charm submitted a claim to General Security. *Id.* General Security issued a check—payable to Charm, West Town Bank ("the Bank"), and Charm's counsel—for $1,597,150.33. ECF No. 24 at 4. Charm generally contends that General Security did not pay it the full amount required to repair the hotel. ECF No. 1 ¶ 22.

Charm moves to amend its complaint to add the Bank as a plaintiff. ECF No. 23 at 2. The Bank is listed as a loss payee under the insurance policy. *Id.*; ECF No. 24 at 5. It appears that as a loss payee, the Bank shares first rights to any amount that General Security pays Charm under the

insurance policy, as evidenced by General Security issuing its check to the Bank as well as to Charm and Charm's counsel. *See* ECF No. 24 at 4.

The Bank's connection to this case dates back many years. The Bank was Charm's lender for the property. ECF No. 23 at 2. In 2019, the Bank sent Charm a notice of default and intent to accelerate the mortgage note, causing Charm to file for bankruptcy. *Id.*; ECF No. 24 at 3. However, the bankruptcy case was dismissed two years later because the Bank decided to foreclose on the property, which was Charm's sole asset. ECF No. 24 at 3. In June of 2022, the Bank sold the property in a foreclosure sale, which left millions of dollars of unpaid debt. *Id.* Hutchison & Steffen, PLLC, which currently serves as local counsel for General Security, represented the Bank in both the bankruptcy and foreclosure proceedings. *Id.* at 7.

Charm filed its initial complaint in February of 2023, after the bankruptcy and foreclosure proceedings. *See* ECF No. 1. Now, Charm argues that adding the Bank as a plaintiff, without asserting any new claims, was made without undue delay and will not prejudice General Security. ECF No. 23 at 4–5. General Security argues that Charm did unduly delay in adding the Bank, and that this amendment was made in bad faith and will prejudice it. ECF No. 24 at 4–9. The Court addresses these three points—prejudice, bad faith, and undue delay—below.

## II. DISCUSSION

### A. Legal Standard

Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

"The standard for granting leave to amend is generous." *Id.* "The party opposing the amendment bears the burden of showing why leave should be denied, including the burden of

establishing prejudice." *Underwood v. O'Reilly Auto Enterprises, LLC*, 342 F.R.D. 338, 343 (D. Nev. 2022) (internal citations omitted). Here, the parties only dispute prejudice, bad faith, and undue delay. ECF No. 24 at 4–9; ECF No. 28 at 3–7.

### B. Prejudice

Charm argues that granting it leave to amend will not prejudice General Security because the parties have completed minimal discovery and because Charm is not adding new claims. ECF No. 23 at 4. General Security counters that the amendment will require it to issue new discovery requests and depose additional witnesses. ECF No. 24 at 10. General Security also contends that adding the Bank as a party will prejudice it because the amendment would create a conflict of interest such that General Security would need to find new local counsel. *Id.* at 9. Charm replies that there is no undue prejudice because defense counsel was aware of the Bank's involvement in the matter before Charm filed the case, and counsel still chose to represent General Security despite the likely conflict. ECF No. 28 at 6. Thus, there are two issues here regarding undue prejudice: (1) additional discovery, and (2) the conflict of interest.

First, the Court finds that any additional discovery resulting from adding the Bank as a plaintiff is not unduly prejudicial. "[T]he Ninth Circuit has found that when amendment is sought during discovery, and no trial date has been set, the timing of amendment does not cause undue prejudice." *Snow Covered Cap., LLC v. Fonfa*, No. 222CV01181CDSBNW, 2024 WL 343435, at *3 (D. Nev. Jan. 30, 2024) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187–88 (9th Cir. 1987)). Moreover, "[t]he need for additional discovery alone does not establish undue prejudice." *Story v. Midland Funding LLC*, No. 3:15-CV-0194-AC, 2016 WL 5868077, at *4 (D. Or. Oct. 7, 2016) (citing *Genentech, Inc. v. Abbott Lab.*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989)).

Here, General Security does not dispute Charm's assertion that, at the time the motion was filed, the parties had only served one set of written discovery requests and that General Security had served various third-party subpoenas. ECF No. 23 at 4. Additionally, Charm sought

amendment while discovery remained open,[1] and, even currently, no trial date has been set in the case. *See* ECF Nos. 15, 23, 39. Also, Charm does not seek to bring any additional claims in the matter. *See* ECF No. 28 at 6. So, while General Security will need to conduct additional discovery, such discovery is limited and does not establish undue prejudice. *See Story*, 2016 WL 5868077, at *4.

Second, the Court finds that the conflict of interest that will arise from granting Charm leave to amend is also not unduly prejudicial. In *Shaw v. Sotomayor*, the United States District Court for the Northern District of California considered the same issue: whether an amendment to add parties, which would create a conflict of interest necessitating a change of counsel, was unduly prejudicial. No. C12-04687 HRL, 2013 WL 275243, at *1 (N.D. Cal. Jan. 24, 2013). In finding that such amendment was not unduly prejudicial, the court explained that "[t]his claim of prejudice is unavailing because of the early stage of the case, and because the purported conflict would seem to exist regardless of the proposed amendment."

Like *Shaw*, there is an argument to be made here that the conflict would exist whether or not the Bank is added as a plaintiff.[2] To be clear, the Court is not making any such finding. Instead, it exposes the potential conflict solely for the purpose of resolving the motion to amend.

In sum, the Court finds that adding the Bank will not cause undue prejudice. Charm moved to amend when the parties had conducted limited discovery and the discovery period remained open. The Court further notes that General Security's *lead* counsel will remain unchanged if Charm adds the Bank as a plaintiff, and that extending the remaining deadlines by

---

[1] The Court notes that, under the parties' most recent modified discovery plan and scheduling order, discovery closes on November 1, 2024. ECF No. 39.

[2] During Charm's bankruptcy proceedings, the Bank—the lender for the property at issue here—filed an appearance as a secured creditor. ECF No. 24 at 7. Two years later, the Bank decided to foreclose on the property. *Id.* Michael Brooks, an attorney at Hutchison & Steffen, the local firm that represents General Security in this matter, represented the Bank in both the bankruptcy and foreclosure proceedings. *Id.* Todd Moody, also an attorney at Hutchison & Steffen, currently represents General Security as its local counsel. *Id.* Here, Nevada Rule of Professional Conduct ("NRCP") 1.9(a) may be at play. It seems that the Bank has an interest in recovering as much money as possible from General Security under the policy, while General Security has an interest in not paying, or paying as little as possible. And while Mr. Brooks does not specifically represent General Security in this matter, the conflict may be imputed under NRCP 1.10(a).

90 days will give General Security time to retain new local counsel. Thus, the Court finds that granting leave to amend will not unduly prejudice General Security.

### C. Bad Faith

General Security argues that Charm's motion to amend is a strategic decision to force it to either respond to a potential motion to disqualify or to voluntarily withdraw its local counsel. ECF No. 24 at 8. General Security explains that Charm's choice to add the Bank as a plaintiff now, despite knowing that the Bank was a loss payee under the policy when filing its initial complaint, is suspicious, particularly because Charm does not add new causes of action. *Id.* Charm contends that its counsel did not learn of defense counsel's conflict until September of 2023, and realizing the conflict, tried to stipulate to add the Bank. ECF No. 28 at 5.

"[T]he Court must grant all inferences in favor of allowing amendment." *See Holland v. Pinnacle Servs. Inc.,* 2023 U.S. Dist. LEXIS 156336, at *13, 2023 WL 5672791 (D. Nev. July 25, 2023) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). Moreover, the burden is on the non-moving party to show that amendment is not warranted. *DCD Programs, Ltd.*, 833 at 187. Here, General Security has not met its burden to prove that Charm moved to amend in bad faith. The mere fact that Charm is not seeking to add new claims, or that amendment will cause local counsel to address a conflict, fails to demonstrate bad faith. Additionally, the Court, construing inferences in favor of amendment, does not find that the motion to amend is "suspicious" given Charm's contentions. *See* ECF No. 24 at 8.

### D. Undue Delay

Charm argues that it has not unduly delayed in bringing this motion because it "could not have been aware" of the Bank's interest in the property because the Bank had not yet foreclosed or sold the property. ECF No. 23 at 5. General Security counters that Charm knew of the Bank's interest in December of 2022 (three months before Charm filed this suit) when its counsel wrote that her law firm was "the joint retained counsel for [Charm] and [the Bank] in its claim for property damage." ECF No. 24 at 5. Charm replied that, shortly after its initial disclosures, it reached out to General Security to try to stipulate to add the Bank as a plaintiff. ECF No. 28 at 4.

Charm also explained that allowing amendment would not unduly delay the case given that minimum discovery had been conducted. *Id.*

When assessing undue delay under Federal Rule of Civil Procedure 15, courts consider "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleadings." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). Crucially, it is well-established that undue delay alone is insufficient grounds for a court to deny leave to amend. *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712–13 (9th Cir. 2001); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Here, the Court finds that Charm should have known that the Bank was a necessary party to this proceeding. Charm's counsel represented that it was joint counsel for Charm and the Bank before this case was even filed. ECF No. 24-2 at 2. But even with a finding of undue delay, the Court must grant Charm's motion to amend in the absence of prejudice or bad faith. Therefore, given that undue delay alone is insufficient grounds to deny amendment, the Court grants Charm's motion.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's motion to amend (ECF No. 23) is GRANTED.

IT IS FURTHER ORDERED that the Court will extend all current scheduling deadlines by 90 days.

DATED: May 23, 2024

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE