# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARM HOSPITALITY LLC, *et al.*, | Case No. 2:23-cv-00228-RFB-BNW |
| Plaintiffs, | **ORDER** |
| v. | |
| GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, | |
| Defendant. | |

Before the Court is the Report and Recommendation of the Honorable Brenda Weksler, United States Magistrate Judge (ECF No. 65). For the following reasons, the Court rejects this recommendation in part.

**I.    BACKGROUND**

On February 13, 2023, Plaintiff Charm Hospitality LLC ("Charm") filed its complaint before this Court, asserting various claims stemming from its insurance policy with Defendant General Security Indemnity Company of Arizona ("General Security'). See ECF No. 1. On May 28, 2024, Charm amended its complaint, adding West Town Bank & Trust ("West Town") as a plaintiff in its suit. See ECF No. 42.

Toward the end of 2024, the Parties engaged in two rounds of mediation before the Honorable Judge Jackie Glass of Advanced Resolution Management. See ECF No. 50 at ¶¶ 5–6. Following mediation, the Parties entered a confidential stipulation of settlement, which memorialized the terms of their settlement agreement ("Term Sheet"). See ECF No. 63. Key here, the Term Sheet contains the following provisions:

- "Defendant counsel agrees to provide a draft settlement release to Plaintiffs counsel . . . ;"
- "Defendant will pay Plaintiffs the settlement check;"
- "Any dispute regarding the final language of the settlement agreement shall be resolved by binding arbitration at Advanced Resolution Management." ECF No. 63.

On December 19, 2024, Defendant General Security circulated a draft of the Parties' final settlement agreement ("Finalized Settlement Agreement"). See ECF No. 50 at ¶ 9. Defendant General Security and Plaintiff West Town executed the agreement in January 2025. See id. at 3. Nonetheless, Plaintiff Charm has refused to execute this agreement based on a single payment term, which requires that payment be made out by check to "Charm Hospitality LLC and West Town Bank & Trust and Javed Law Firm, PLLC. The check will be sent out to the Javed Law Firm, PLLC at 3019 Spider Lily, San Antonio, TX 78258." ECF No. 58.

Consequently, Defendant General Security filed a motion to enforce settlement on January 28, 2025. See ECF No. 50. Amongst other things, Magistrate Judge Weksler concluded that the Parties formed an enforceable settlement agreement via the Term Sheet, and the Finalized Settlement Agreement merely clarified its terms. See ECF No. 65. Accordingly, Judge Weksler granted Defendant General Security's motion on April 1, 2025. See id.

In response, Plaintiff Charm filed a limited objection to this portion of Judge Weksler's report and recommendation on April 14, 2025. See ECF No. 66. In its objection, Charm maintains that it never agreed to the Finalized Settlement Agreement's payment term, and it asks the Court to enforce the provisions of the Term Sheet as written. See id. Alternatively, Charm urges the Court to refer the Parties' dispute about the terms of the Finalized Settlement Agreement to binding arbitration. See id. Charm did not present this final argument to Magistrate Judge Weksler. See generally ECF No. 58.

## II. LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A party may file specific written objections to the findings and recommendations of a magistrate judge. See id.; Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also Local Rule IB 3-2(b). Where a party fails to object, however, a district court is not required to conduct "any review," *de novo* or otherwise, of the report and recommendations of a magistrate judge. Thomas v. Arn, 474 U.S. 140, 149 (1985).

### III.  DISCUSSION

#### A.  The Court Will Consider Plaintiff's Arbitration Argument

As a threshold matter, the Court will consider Charm's new argument regarding arbitration. In the Ninth Circuit, district courts have discretion to consider new evidence and arguments presented in an objection to a magistrate judge's recommendation. See U.S. v. Howell, 231 F.3d 615, 622 (9th Cir. 2000) ("[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation."); Brook as Tr. of David N. III Tr. v. McCormley, 837 Fed.Appx. 433, 436 (9th Cir. 2020) (unpublished disposition) (concluding that it was not an abuse of discretion for a district court to reject new arguments in an objection to a magistrate judge's recommendation). Here, Charm could, and should, have presented its arbitration argument to Magistrate Judge Weksler. Nevertheless, the Court is cognizant of the strong "federal policy favoring arbitration agreements." Chiron Corp v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1131 (9th Cir. 2000). Based on this policy, the Court finds that it is appropriate to decide whether the Parties' dispute is subject to arbitration. Accordingly, it exercises its discretion to consider Charm's arbitration argument.

#### B.  The Terms of the Finalized Settlement Agreement Are Subject to Arbitration

The Federal Arbitration Act ("FAA") provides that a "written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter

arising . . . shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2.[1] "By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985) (citing 9 U.S.C. §§ 3 & 4). The FAA limits the district court's role to determining whether (1.) the parties agreed to arbitrate, and, if so, (2) whether the scope of that agreement to arbitrate encompasses the claims at issue. See Nguyen v. Barnes & Noble Inc., 763 F.3d 1171, 1175 (9th Cir. 2014). When deciding whether parties agreed to arbitrate a certain matter, courts generally apply ordinary state law principles of contract interpretation. See First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 944 (1995). Finally, if a district court determines that an issue is within the reach of an arbitration agreement, it may stay legal proceedings until the issue is arbitrated. See 9 U.S.C. § 3; Martin Marietta Aluminum, Inc. v. Gen. Elec. Co., 586 F.2d 143, 147 (9th Cir. 1978).

Based on the Term Sheet, the Court finds that the Parties' dispute about the Finalized Settlement Agreement's payment term is subject to a binding arbitration agreement. First, both Parties agree that they reached an enforceable settlement agreement, and that its material terms were memorialized by the Term Sheet. See ECF No. 50 at 2; ECF No. 58 at 2. Second, the Term Sheet includes a clear arbitration provision: "Any dispute regarding the final language of the settlement agreement shall be resolved by binding arbitration at Advanced Resolution Management." ECF No. 63. Under Nevada's basic principles of contract interpretation, this provision must be enforced as written. See Am. First Fed. Credit Union v. Soro, 359 P.3d 105, 106 (Nev. 2015). Third, since the Parties' dispute about the payment term is a dispute about the final language of their arbitration agreement, the Court finds that it is encompassed by the Parties' agreement to arbitrate.

---

[1] To state the plain, the Term Sheet settles a lawsuit involving an insurance transaction between parties from different states. Accordingly, the Court finds that it is "a contract evidencing a transaction involving commerce" which is subject to the FAA. See 9 U.S.C. § 2.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** Magistrate Judge Weksler's Report and Recommendation (ECF No. 65) is **REJECTED IN PART**. The Court will not enforce the Finalized Settlement Agreement because it presents an issue that is subject to a binding arbitration agreement. To that end, the Parties must arbitrate their dispute about the Finalized Settlement Agreement's payment term through the procedures outlined in the Term Sheet.

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending the resolution of arbitration proceedings consistent with this order.

**IT IS FURTHER ORDERED** that the Parties submit a status report every ninety days after the commencement of arbitration until arbitration is concluded. Any party may move to lift the stay once arbitration has concluded.

**DATED:** September 29, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**